IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

SHIPPING and TRANSIT, LLC,

    Plaintiff,

vs.                                           **Case No. 16-CV-80796**

INCUBOOM, INC. d/b/a
BAXTERBOO.COM,

    Defendant.
_____/

**PLAINTIFFS' MOTION TO DISMISS COUNT III
OF DEFENDANT'S COUNTERCLAIM**

    Plaintiff, Shipping and Transit ("Plaintiff"), through undersigned counsel, and pursuant to Rule 12 of the Federal Rules of Civil Procedure, hereby move for dismissal of Count III of Defendant's Counterclaim. In support, Plaintiffs state as follows:

**I.**     **INTRODUCTION**

    On March 30, 2016, prior to the filing the instant action, Plaintiff sent Defendant a pre-suit communication alleging the likely hood of infringement of their patents. Despite communication with Defendant upon their receipt of the pre-suit communication, resolution efforts were unsuccessful and Plaintiff proceeded with litigation.

    Plaintiff filed this action for patent infringement, and Defendant Incuboom, Inc. d/b/a BaxterBoo.com ("Defendant") responded with an answer, affirmative defenses and multiple counterclaims. Plaintiff has filed an answer and affirmative defenses to counterclaims I and II.

    Plaintiff now moves to dismiss Count III herein because it is simply an attempt by Defendant to harass Plaintiff, cause them unnecessary litigation expenses, and intimidate them

into dismissing their lawsuit. Furthermore, and most critically, Defendant is seeking relief from an act that is pre-empted by Federal law. As a result, Count III must be dismissed.

Count III of Defendant's Counterclaim seeks relief under the Florida Patent Troll Prevention Act ("PTPA") Florida Statute §501.993, which went into effect on July 1, 2015, for the stated purpose of "...help(ing) businesses avoid these costs by encouraging good faith assertions of patent infringement and the expeditious and efficient resolution of patent claims". Fla.Stat.§501.991(3).

Defendant begins Count III by setting forth the requirements of the PTPA, and then in subsequent paragraphs attempts to allegedly cite their basis for seeking relief. However, Defendant relies upon conclusory prejudicial statements as a basis for seeking relief under the PTPA without actually citing to how Plaintiff has failed to comply with the requirements of the PTPA, or what relevance the statements have to proving that Plaintiff in fact violated the PTPA.

The PTPA is pre-empted by Federal Law. " If a plaintiff bases its tort action on conduct that is protected or governed by federal patent law, then the plaintiff may not invoke the state law remedy, which must be preempted for conflict with federal patent law." *Hunter Douglas, Inc. v. Harmonic Designs, Inc.* 153 F.3d 1318, 1335 (Fed. Cir. 1998). What's more is Courts have consistently held that patent holders have the right to send communications regarding the likely hood of infringement, "...make its [patent holder] rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability." *Va. Panel Corp. v MAC Panel Co.,* 133 F.3d 860, 870 (Fed. Cir. 1997)[1].

---

[1] *see also Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 362 F.3d 1367, 1374 (Fed. Cir. 2004) ("A patentee that has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers"); *Virtue v. Creamery Package Mfg. Co.,* 227 U.S. 8, 37-38 ("Patents would be of little value if infringers of them could not be notified of the consequences of infringement"); *Concrete Unlimited, Inc. v. Cementcraft, Inc.,*776 F.2d at1539 ("patent owner has the right to...enforce its patent, and that includes threatening alleged infringers with suit")

Thus, Plaintiff does not believe that Defendant has a right to seek relief under the PTPA, and Count III should be dismissed.

## II.     LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The U.S. Supreme Court has set forth the legal standard for addressing a motion to dismiss under Rule 12(b)(6) in Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562.  The Court stated that, [w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, … a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 55; see also Baraka v. McGreevy, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for a motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusions couched as factual allegations.")  Thus, for a complaint to withstand a motion to dismiss, the "factual allegations must be enough to raise a right to relief above thee speculative level, … on the assumption that all the allegations in the complaint are true (even if doubtful in fact)…" Twombly, 550 U.S. at 555.

The U.S. Supreme Court has emphasized that, when addressing the sufficiency of a civil complaint, a court must distinguish factual contentions and "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).  When evaluating a motion to dismiss for failure to state a claim, a district court must conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  Id.  The district court must accept all of the complaint's well-pleaded facts as true, but

may disregard any legal conclusions.  Id.  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief."  Id.  Put another way, a complaint must do more than allege the plaintiff's entitlement to relief.  The complaint must "show" such an entitlement with its facts.  Id.

A complaint will be dismissed unless it "contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Id.  This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  Fowler v. UPMC Shadyside, 578 F.3d 203, 211 (3d Cir. 2009).

### III. ARGUMENT

#### A) The PTPA is Preempted by Federal Law:

In the present matter Defendant is seeking relief under the PTPA for bad faith purposes only. Not only is Defendant trying to cause Plaintiff additional expenses and delay through unnecessary pleadings, Defendant is also trying to be seen as an extremely aggressive litigator against US Inventors such as Plaintiff.

Federal Courts, including the US Supreme Court and US Court of Appeals, have made it clear that sending letters regarding a person or entities patent rights is protected by not only the US Constitution but US Patent law as well.

"A patentee shall have remedy by civil action for infringement of his patent." 35 USC §281.  Up holding this right, Courts have consistently protected the ability of a patentee to "make its rights known to a potential infringer so that the latter can determine whether to cease its allegedly infringing activities, negotiate a license if one is offered, or decide to run the risk of liability." *Va. Panel Corp. v MAC Panel Co.,* 133 F.3d 860, 870 (Fed. Cir. 1997); see also *Globetrotter Software, Inc. v. Elan Computer Grp., Inc.,* 362 F.3d 1367, 1374 ("a patentee that

4

has a good faith belief that its patents are being infringed violates no protected right when it so notifies infringers").

A patent owner is not only entitled to send patent assertion letters but in some instances such a letter is required. Specifically, a patent owner is required to send a warning letter in order to be entitled to recover damages absent circumstances not applicable here. 35 U.S.C. §287(a) (penultimate sentence) To the extent that the Florida Statute attempts to punish a patent owner for complying with the notice provisions of the Patent Act, there must be federal preemption. *Hunter Douglas, Inc. v. Harmonic Designs, Inc.,* 153 F.3d 1318 (Fed. Cir. 1998); *Virginia Panel Corp. v. MAC Panel Co.,* 133 F.3d 860, 870 (Fed. Cir. 1997).

Preemption can be overcome only by a showing of bad faith, "Federal patent law bars the imposition of liability for publicizing a patent in the marketplace unless the plaintiff can show that the patent holder acted in bad faith." *Hunter Douglas, Inc. v. Harmonic Designs, Inc.,* 153 F.3d 1328, 1336 (Fed. Cir. 1998)[2]. In order to show bad faith *Globetrotter*, quoting *Professional Real Estate*[3], stated "lawsuit must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits. If an objective litigant could conclude that the suit is reasonably calculated to elicit a favorable outcome, the suit is immunized under *Noerr,* and an antitrust claim is premised on the shame exception must fail." *id.* at 1376.

Thus, in order to avoid preemption, the movant, in this matter Defendant, must show by clear and convincing evidence that Plaintiff acted in an "objectively and subjectively baseless" manner. [4]

---

[2] *see id.* at 1374 ("to avoid preemption, bad faith must be alleged and ultimately proven, even if bad faith is not otherwise and element of the tort claim")

[3] *Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 US 49, 57, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993)

[4] *Globetrotter* citing to *Golan v. Pingel Enter., Inc.,* 310 F.3d 1360, 1371 (Fed.Cir.2002)"to show bad faith in Pingels actions, Golan must offer clear and convincing evidence that Pingel had no reasonable basis to believe that the [accused infringing device] infringed Pingel's patents." *id.* at 1377.

But Defendant's Counter-Claim alleges "bad faith" in a conclusory fashion. For Defendants counter claim to be successful it must plead more than labels and conclusions and more than a formulaic recitation of the elements of a cause of action to withstand a Fed. R. Civ. P. 12(b)(6) motion to dismiss; factual allegations must be enough to raise a right of relief above the speculative level and courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly,* 550 U.S. at 555.

As stated herein, Plaintiff first contacted Defendant through pre-suit communication alerting them to the likely hood of infringement. Following receipt, Plaintiff was contacted by Defendant through attorney correspondence. Despite Plaintiff's response and attempted follow up(s), Defendant failed to communicate further and Plaintiff proceeded with litigation.

In Count III Defendant alleges that Plaintiff has violated the PTPA, basing its contentions on conclusory statements, and *their opinion*, that Plaintiff has acted in bad faith, "...S&T failed to conduct an analysis comparing the claims in its patents to Incuboom's products and services...none of Incuboom's products and services actually practice these claims, as S&T would have discovered if it had performed an adequate investigation..." [DE 8 at ¶11 of Defendants Counter-Claim].

Defendants argument seems to rely upon *their opinion* that Plaintiff did not conduct a pre-suit investigation, offering no evidence that Plaintiff did not, or how Plaintiff's pre-suit communication violated the PTPA. Essentially, without any evidence that Plaintiff didn't conduct an analysis, Defendant wants the Court to simply accept their *opinion* that Plaintiff did not, which fails to meet the heavy burden upon Defendant.

Defendant also claims that somehow the filing of previous litigation tends to show bad faith. However, Defendant is merely attempting to "piggy-back" a bad faith allegation by relying on Plaintiff's patent assertions against others. Any reliance on these assertions demonstrates only Defendant's disapproval of the enforcement of Plaintiff's patents, not a bad faith allegation against these Plaintiffs. Defendant's disapproval of the enforcement of Plaintiff's patents is not a sufficient basis for their counterclaim to proceed. The patents are based on technology developed to track the movement of school buses so that parents would know if school buses were being delayed because of, *inter alia,* traffic, weather, and mechanical breakdowns. This technology minimized the waiting time of children at bus stops as well as the waiting times for parents. The technology, initially known as "BusCall," was implement across four states during a two year period, and was featured on CNN and in The Wall Street Journal. Defendant's disapproval does not meet the pleading requirement that Plaintiff acted in bad faith.

The fact that Defendant may not agree with what Plaintiff's position is or feel that it is not sufficient for a pre-filing investigation, does not matter.[5] Unless Defendant can show by clear and convincing evidence that Plaintiff acted "objectively and subjectively baseless", Federal Law is not preempted, and Defendant cannot proceed with a claim under the PTPA.[6]

Defendant's counterclaim fails to support a claim that Plaintiff acted in bad faith. The counterclaim is based entirely upon their *opinion* that Defendant failed to conduct a pre-suit

---

[5] In *Q-Pharma* the Court stated that "claim interpretation is not always an exact science, and it is <u>not unusual for parties to offer competing definitions of even the simplest claim language</u>. In this case, however, it is not for us to determine whether Q-Pharma's pre-filing interpretation of the asserted claims was correct, but only whether it was frivolous." Q-Pharma, Inc. v. Andrew Jergens Co., 360 F.3d 1295 (Fed. Cir. 2004)(emphasis added).

[6] *id* at 1377 "Our decision to permit state-law tort liability for only objectively baseless allegations of infringement rests on both federal preemption and the First Amendment. The federal patent laws that impose tort liability for a patentholder's good faith conduct in communications asserting infringement of its patent and warning about potential litigation. In addition, the same First Amendment policy reasons that justify the extension of *Noerr* immunity to pre-litigation conduct in the context of federal antitrus law apply equally in the context of state-law tort claims." see also *ClearPlay, Inc. v. Nissim Corp., 2011 WL 3878363 *8-9 (S.D. Fla. 2011)* (the court determined that federal patent law preempted the state-law claim of violation of Florida's Deceptive and Unfair Trade Practices Act)

investigation. Nowhere do Defendant's allege that Plaintiff acted in "bad faith." In the absence of bad faith, Plaintiffs have is no viable claim for violation of the PTPA.

Defendant has presented no evidence that would tend to show that Plaintiff has in fact acted in "bad faith" ie that Plaintiff had no reasonable basis to believe that Defendant infringed the patents in suit, but only offers their opinion that Defendant doesn't believe they infringe which falls woefully short of proving that Plaintiff acted in an "objectively and subjectively baseless" manner.[7]

Without any evidence to prove Plaintiff acted "objectively and subjectively baseless" the PTPA should be preempted and Defendant should be prevented from seeking relief under this Act.[8]

## **CONCLUSION**

WHEREFORE, based on all of the above reasons, Plaintiffs respectfully request that the Court grant all aspects of this Motion, enter an Order issuing Plaintiff reimbursement of all costs and attorneys' fees expended on this Motion, together with all other relief the Court deems just and proper in this instance.

Dated: August 1, 2016        Respectfully submitted,

      /s/ Jason P. Dollard
JASON P. DOLLARD, FBN: 0649821
jdollard@jpdesq.com
Leslie Robert Evans & Associates, PA
214 Brazilian Avenue, Suite 200
Palm Beach, FL 33480
Telephone: (561) 832-8322
Facsimile: (561) 832-5722
Counsel for Plaintiffs

---

[7] *id* at 1377 "Accordingly, the objectively baseless standard of *Professional Real* Esate applies to state-law claims based on communications alleging patent infringement, such as those in this case. A Plaintiff claiming that a patent holder has engaged in wrongful conduct by asserting claims of patent infringement must establish that the claims of infringement were objectively baseless."

[8] *Activision TV, Inc.; MPHJ Technology Investments, LLC v. Jon Bruning, et al*, US Dist. Ct. Neb., 813-CV- 00215, Memorandum Order DE 189, Sept. 2, 2014 "the court find as a matter of law that he state law claims are preempted, and the court further finds that the defendants have failed to produced any evidence of objectively and subjectively baseless claims and bad faith"

**CERTIFICATE OF SERVICE**

I hereby certify that on August 1, 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I also certify that the foregoing document is being served this day, via transmission of Notices of Electronic Filing generated by CM/ECF, on the counsel listed below.

Eleanor Barnett, Esq.
Heller Waldman, P.L.
3250 Mary Street, Suite 102
Coconut Grove, FL 33133
Phone: 305-448-4144
Fax: 305-448-4155
Email: ebarnett@hellerwaldman.com
*Counsel for Defendant Incuboom, Inc. d/b/a BaxterBoo.com*